IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                           Case No: 3:02cr20/RV
                                                    3:05cv355/RV/MD

TERRENCE B. ROBERTS

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 261). Defendant has not filed his motion on the proper form for use in cases pursuant to 28 U.S.C. § 2255, as required by the Local Rules of this court. Amendment would be futile, however, as the motion is subject to summary dismissal. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

**BACKGROUND and ANALYSIS**

Defendant pleaded guilty to conspiracy to possess with intent to distribute cocaine and crack cocaine, and was sentenced to a term of 246 months

imprisonment.  (Doc. 128). On September 16, 2003, his sentence was reduced to a term of 124 months imprisonment.  (Doc. 205).  Defendant did not appeal.

Title 28 U.S.C. § 2255 imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.  Because defendant did not appeal, to have been timely filed, defendant's motion should have been filed on or about September 26, 2004, about one year before it was actually filed.

Defendant attempts to circumvent the time limitation on filing § 2255 motions by couching his claim in terms of a jurisdictional challenge.  Although he does not specifically mention the seminal Supreme Court cases of *Apprendi*[1] and *Blakely*,[2] and mentions the recently decided *Booker*,[3] except in passing, these cases are clearly the basis for his claim.  He repeats several times in his memorandum that his sentence was unconstitutional because it exceeded the sentence that could have been imposed based on the jury verdict and the maximum authorized by the

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).

[2] *Blakely v. Washington*, ____ U.S. ____, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

[3] *United States v. Booker.*  ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005).

guidelines themselves, a claim guided by *Apprendi*'s holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490, 120 S.Ct. at 2362-63.  *See also Ring v. Arizona*, 536 U.S. 584, 589, 122 S.Ct. 2428, 2432, 153 L.Ed.2d 556 (2002) (concluding under *Apprendi* that "[c]apital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment."). Whether he directly relies on *Apprendi* or not, it does not save his claim as the Eleventh Circuit has clearly held that *Apprendi* errors are not jurisdictional, such that they would entitle a prisoner to relief on collateral review.  *Hamm v. United States*, 269 F.3d 1247, 1249 (11th Cir. 2001).  Additionally, the Eleventh Circuit has concluded that neither *Booker* nor *Blakely* applies retroactively to cases on collateral review. *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005); see also *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005) (holding that only the Supreme Court can make a new rule retroactive on collateral review, and that it must do so explicitly).   Furthermore, even before *Blakely* and *Booker,* every federal court of appeals had held that *Apprendi* did not apply to guideline calculations made within the statutory maximum. *United States v. Duncan,* 400 F.3d 1297, 1308 (11th Cir. 2005) (*citing Simpson v. United States*, 376 F.3d 679, 681 (7th Cir. 2004) *(citing United States v. Hughes*, 369 F.3d 941, 947 (6th Cir. 2004); *United States v. Francis*, 367 F.3d 805, 820 (8th Cir. 2004); *United States v. Jardine,* 364 F.3d 1200, 1209 (10th Cir. 2004); *United States v. Alvarez*, 358 F.3d 1194, 1211-12 (9th Cir. 2004); *United States v. Phillips*, 349 F.3d 138, 143 (3rd Cir. 2003); *United States v. Patterson,* 348 F.3d 218, 228-29 (7th Cir. 2003); *United States v. Randle,* 304 F.3d 373, 378 (5th Cir. 2002); *United States v. Sanchez,* 269 F.3d 1250, 1268 (11th Cir. 2001); *United States v. Webb,* 255 F.3d 890, 898 (D.C.Cir. 2001); *United States v. Angle,* 254 F.3d 514, 518 (4th Cir. 2001); *United States v. Caba,* 241 F.3d 98, 100 (1st Cir. 2001); *United States v. Garcia,* 240 F.3d 180, 183-84 (2nd Cir. 2001)).

**Defendant's sentence in this case did not exceed the statutory maximum, as charged in the indictment.**

**Accordingly, it is respectfully RECOMMENDED:**

**The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 261) be summarily DISMISSED as untimely.**

**At Pensacola, Florida, this 26th day of September, 2005.**

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** <u>See</u> **28 U.S.C. § 636; Local Rule 27(B);** ***United States v. Roberts****,* **858 F.2d 698, 701 (11th Cir. 1988).**